UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JOSEPH PETER MEERSMAN, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | NO. 3:20-cv-00154 |
| ) | |
| **REGIONS MORGAN KEEGAN** ) | |
| **TRUST, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORADNUM OPINION AND ORDER**

Joseph Peter Meersman, Jr., a *pro se* Kentucky resident, filed a civil complaint (Doc. No. 1), along with a supporting brief (Doc. No. 1-1) and two supplemental exhibits (Doc. Nos. 5 and 6). Plaintiff also filed an application to proceed in this Court without prepaying fees and costs. (Doc. No. 4.) The Court will grant Plaintiff's request to proceed as a pauper and conduct an initial review. See 28 U.S.C. § 1915(2)(2)(B). And for the following reasons, this action will be dismissed.

**I.      Application to Proceed as a Pauper**

The Court may authorize a person to file a civil suit without paying the $400.00 filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper reflects that he does not have sufficient financial resources to pay the full filing fee in advance without undue hardship. Accordingly, Plaintiff's application (Doc. No. 4) will be granted.

**II.     Initial Review**

The Court must dismiss any action filed *in forma pauperis* if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must also construe *pro se* filings liberally, Erickson v.

Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)), and accept factual allegations as true unless they are entirely without credibility. Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)).

### A. Background and Factual Allegations

The original pleading in this case is a document titled "Complaint; Breach of Fiduciary Duty, Regions Morgan Keagan Trust/Regions Bank." (Doc. No. 1 at 1.) It is essentially broken into two sections—a 30-page introductory section titled "Statement of the Case" (id. at 2–31), and a 64-page section repurposed from a pleading filed in state court in 2017, as explained below (id. at 33–96).

In the Statement of the Case, Plaintiff explains that this case is the "refiling of [a] prior suit" originally filed in Tennessee state court. (Id. at 3.) Because Plaintiff explicitly references the state court suit, the Court will take judicial notice[1] of the Tennessee Court of Appeals ("TCA") opinion from the related state court litigation. See Meersman v. Regions Morgan Keegan Trust, No. M2017-02043-COA-R3-CV, 2018 WL 4896660 (Tenn. Ct. App. Oct. 9, 2018).[2]

As the TCA explained, Plaintiff alleges that he "was a beneficiary of two trusts," and "Regions Morgan Keegan Trust ('Regions') was the trustee for the trusts until an order approving its resignation was entered on October 11, 2010. Michael M. Castellarin was subsequently appointed as the successor trustee on February 9, 2011." Meersman, 2018 WL 4896660, at *1;

---

[1] At this juncture, the Court "may take judicial notice of another court's opinion not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 576 (6th Cir. 2008) (quoting S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999)) (concluding that a district court did not err by taking judicial notice of another court's opinion for an argument made by a party to that suit and to conduct a res judicata analysis).

[2] Plaintiff was *pro se* in the trial court but represented on appeal. Meersman, 2018 WL 4896660, at *1 n.1.

2

(see Doc. No. 1 at 2, 33, 35, 37–38, 63). Both trusts were terminated in 2015. Meersman, 2018 WL 4896660, at *1 (footnote omitted); (see Doc. No. 1 at 3, 26).

On May 12, 2015, Plaintiff filed a complaint against Regions Morgan Keegan Trust in the Davidson County Circuit Court "alleging a breach of fiduciary duty." Meersman, 2018 WL 4896660, at *1; (see Doc. No. 1 at 2–3, 7, 31, 33). On March 1, 2016, Plaintiff "filed a document entitled 'Adde[n]dum to Complaint,'" adding "three former employees of Regions as additional defendants in the lawsuit—Judy Stenson, Melanie Cail, and Paul Gaddis. The 'adde[n]dum' also added [Michael] Castellarin as an additional defendant." Meersman, 2018 WL 4896660, at *1; (see Doc. No. 1 at 2–3, 7, 31, 33). And on June 14, 2017, Plaintiff filed a document titled "Motion for Acceptance of Final Amen[d]ment to Complaint: Regions Morgan Keegan Trust." Meersman, 2018 WL 4896660, at *1; (see Doc. No. 1 at 3, 19, 31, 33).

Soon thereafter, all five state court Defendants made special appearances to file motions to dismiss. Meersman, 2018 WL 4896660, at *2. They argued, among other things, that the case should be dismissed for insufficient service of process under the Tennessee Rules of Civil Procedure. Id. The trial court granted the motions and "dismissed the lawsuit based on Rules 12.02(2), (4), and (5) of the Tennessee Rules of Civil Procedure for lack of personal jurisdiction, insufficient process, and insufficient service of process." Meersman, 2018 WL 4896660, at *2; (see Doc. No. 1 at 3). Plaintiff appealed, the TCA affirmed, and the Tennessee Supreme Court denied his application for permission to appeal on February 20, 2019. Meersman, 2018 WL 4896660, perm. app. denied Feb. 20, 2019; (see Doc. No. 1 at 4).

On February 21, 2020, Plaintiff filed a case in this Court against all five state court Defendants and one additional Defendant.[3] (Doc. No. 1 at 1.) The section of the original pleading

---

[3] Plaintiff added Melissa Cogar, a "Morgan Keagan Investment Officer," as a Defendant when he refiled the case here. (Doc. No. 1 at 1.) Beyond listing Cogar's name in the caption, the Court cannot find any

3

following the "Statement of the Case" appears very closely based on the second amended complaint filed in state court in 2017. For instance, these two pleadings assert the same twelve unique causes of action, word for word.[4] And while a small part of the federal filing seems to have been updated to account for the change in forum (Doc. No. 1 at 33 ("The United States District Court has diversity jurisdiction in this case")), other parts are unchanged from the 2017 state court filing (id. (referring to "this final filing of a complaint in 2017"); id. at 44 ("As of June 2017 the plaintiff is now sixty four years of age.")). Indeed, the federal filing includes a signature page dated February 20, 2017, listing an old address for Plaintiff. (Id. at 94.)

**B.     Standard of Review**

To determine whether a complaint "fails to state a claim on which relief may be granted" under 28 U.S.C. § 1915(e)(2)(B), the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

---

direct reference to Cogar in the original pleading. (See id.) The 154-page "Brief in Support of Complaint" does include one reference to Cogar, however. (See Doc. No. 1-1 at 13.)

[4] "(1) [E]lder financial abuse; (2) breach of fiduciary duty; (3) fraud; (4) constructive fraud; (5) constructive trust; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) declaratory relief; (9) accounting; (10) conspiracy; (11) negligence; and (12) failure to discharge mandatory duty." Meersman, 2018 WL 4896660, at *1 & n.5; (Doc. No. 1 at 1).

4

### C. Discussion

Plaintiff asserts that the Court has diversity jurisdiction (Doc. No. 1 at 33), and the Court accepts this assertion as true for the purpose of conducting an initial review. Nonetheless, this case is subject to dismissal for two reasons. First, the Rooker-Feldman doctrine bars this Court from considering Plaintiff's arguments that the state court erred in dismissing his case. And second, Plaintiff's refiled state law claims are untimely under Tennessee's savings statute.

#### 1. Rooker-Feldman

The "Rooker-Feldman doctrine" is a principle of law "generally provid[ing] that lower federal courts may not engage in appellate review of state-court decisions." In re Isaacs, 895 F.3d 904, 912 (6th Cir. 2018) (discussing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983)). That is because "appellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in" the United States Supreme Court—not a federal district court. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005) (citations omitted). It is a narrow doctrine, "confined to those cases exemplified by Rooker and Feldman themselves: when a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law." McCormick v. Braverman, 451 F.3d 382, 395 (6th Cir. 2006) (discussing Exxon Mobil, 544 U.S. at 284).

Here, portions of the introductory "Statement of the Case" section of the original pleading suggest that Plaintiff may be attempting to effectively appeal the state court's judgment. That is, Plaintiff alleges that various rulings or actions of the Davidson County Circuit Court violated his due process rights under the U.S. Constitution. (Doc. No. 1 at 2–3, 7 (alleging that the state trial court violated his due process rights by denying him a hearing); id. at 7 (alleging that the state trial court "erred in failing to acknowledge" one of his arguments regarding service of process).) But as explained above, this Court cannot exercise appellate review of a state court's judgment,

5

"regardless of whether [Plaintiff] challenges the validity of the state court judgment on constitutional grounds." In re Cook, 551 F.3d 542, 548 (6th Cir. 2009) (citing Lawrence v. Welch, 531 F.3d 364, 369 (6th Cir. 2008)).

Accordingly, to the extent that that Plaintiff seeks to challenge the validity of the state court judgment, this Court does not have subject matter jurisdiction to consider his claims. Any such claims will be dismissed without prejudice. See Revere v. Wilmington Fin., 406 F. App'x 936, 937 (6th Cir. 2011) (citing Ernst v. Rising, 427 F.3d 351, 366 (6th Cir. 2005)) ("Dismissal for lack of subject-matter jurisdiction should normally be without prejudice . . . .").

### 2. Tennessee Savings Statute

Plaintiff's primary goal in this case, however, is to refile his state law claims and "receive a judg[]ment on the merits." (Doc. No. 1 at 4.) Plaintiff alleges that he may do so because he filed this case within twelve months of the Tennessee Supreme Court's denial of his application for permission to appeal in the related state court litigation. (See id. at 3–4.) Based on Plaintiff's allegations, the Court infers that he is relying on Tennessee's savings statute to gain consideration of his state law claims at this juncture. See Circle C Constr., LLC v. Nilsen, 484 S.W.3d 914, 919 (Tenn. 2016) (explaining that "[t]he savings statute facilitates the disposition of cases on the merits" where a second action is "refiled within one year of the []dismissal of the first action") (citations omitted). Unfortunately for Plaintiff, that statute does not save his claims here.

The relevant language of the savings statute provides as follows:

> If [an] action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, . . . the plaintiff . . . may . . . commence a new action within one (1) year after the reversal or arrest.

Tenn. Code. Ann. § 28-1-105(a); Hunley v. Detroit Diesel Corp., 680 F. App'x 447, 449 (6th Cir. 2017). In other words, the "savings statute allows a case that has been dismissed, for reasons other

6

than a dismissal on the merits, to be refiled within a set period—even after the statute of limitations has run on the action." Circle C, 484 S.W.3d 919 (collecting cases).

Thus, there are essentially three requirements that Plaintiff must meet for the savings statute to apply in this case: (1) the initial state court case must have "commenced" within the applicable statutes of limitation, Tenn. Code. Ann. § 28-1-105(a); (2) the state court case must have been dismissed for a reason not "on the merits," Circle C, 484 S.W.3d at 919; and (3) this case must have been filed "within one year of the . . . dismissal of the first action," id. (citing Tenn. Code. Ann. § 28-1-105(a)). Plaintiff satisfies this second requirement, as a dismissal for insufficient service of process is not a dismissal on the merits. Whether he also satisfies the first requirement is unclear at this juncture.[5] Even assuming he does, however, this action is still untimely under the third requirement.

The Tennessee Supreme Court has expressly held that the one-year deadline to refile claims under the savings statute starts running on the date the court "entered its order of dismissal." Parrish v. Marquis, 137 S.W.3d 621, 623 (Tenn. 2004), overruled on other grounds by Himmelfarb v. Allain, 380 S.W.3d 35, 40–41 (Tenn. 2012); see also Villaba v. McCown, No. E2018-01433-COA-R3-CV, 2019 WL 4130794, at *6 (Tenn. Ct. App. Aug. 30, 2019) (citing Parrish, 137 S.W.3d at 622) ("[T]he one-year statute of limitations for commencing a new action under the savings statute is computed from the date of entry of the dismissal order.").

Here, the latest possible date on which the state court entered a dismissal order—and the date embraced by Plaintiff himself (Doc. No. 1 at 3–4)—is the date the Tennessee Supreme Court denied Plaintiff's application for permission to appeal. That was February 20, 2019. Plaintiff did

---

[5] The Court notes that, as part of their motion to dismiss in state court, Regions and its three former employees argued that "all twelve of [Plaintiff's] claims [were] barred by the applicable statutes of limitations." Meersman, 2018 WL 4896660, at *2. It does not appear that Defendant Castellarin asserted the same defense. See id. Regardless, "the trial court found it unnecessary to rule on the statute of limitations argument," id. at *3, and the TCA affirmed this approach, id. at *9–10.

7

not refile the dismissed claims in this Court until February 21, 2020. Thus, the original pleading in this case is untimely by one day.

This is true even if Plaintiff placed the original pleading in the mail before the deadline. Coden v. U.S. Dep't of Labor, No. Civ.A. 04CV53JMH, 2005 WL 1691036, at *8 (E.D. Ky. July 18, 2005) (collecting cases). To the extent that Plaintiff believes the date of filing should be the date of mailing, it is important to note that the so-called "mailbox rule" does not apply to non-prisoners like Plaintiff. Herman v. Astrue, No. 2:10-cv-00570, 2010 WL 5504667, at *2 (S.D. Ohio Dec. 13, 2010) (footnote and citations omitted); see also Brown v. Taylor, 829 F.3d 365, 369 (5th Cir. 2016) (citation omitted) ("When a litigant is not incarcerated, . . . the prison mailbox rule does not apply."). That is because the "rationale for the prisoner mailbox rule, 'that imprisoned pro se litigants can neither deliver their pleadings to the court clerk themselves nor monitor the progress of their papers through the mails as other litigants,' does not apply to non-prisoners . . . ." Martinez v. City of Reading Prop. Maint. Div., No. 16-1290, 2018 WL 1290087, at *8 n.13 (E.D. Penn. Mar. 13, 2018) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1153 (4th ed.)). Instead, a non-prisoner's "complaint is deemed to be filed when it is tendered to the clerk of the appropriate court." Herman, 2010 WL 5504667, at *2 (citing In re Toler, 999 F.2d 140, 142 (6th Cir. 1993) and Fed. R. Civ. P. 5(d)(2)). And here, the Court received the original pleading on February 21, 2020.

Although Plaintiff may find this result harsh or unfair, the purpose of Tennessee's savings statute "is to give plaintiffs a 'brief period' within which to refile their suit after it has been concluded on a basis other than dismissal on the merits." Clark v. Fournet, No. M2006-00616-COA-R3-CV, 2007 WL 935926, at *2 (Tenn. Ct. App. Mar. 28, 2007) (quoting Nashville, C. & St. L. Ly. v. Bolton, 184 S.W. 9, 11 (1911)). It is intended "to preserve the rights of *diligent* plaintiffs." Id. (emphasis added) (citations omitted). And as Plaintiff is aware, he had one year to

8

refile his claims. (See Doc. No. 1 at 3–4 ("Plaintiff now . . . fil[es] this suit . . . within a period of twelve months following the Supreme Court's [decision] on February 20, 2019 . . . .").) His failure to do so does not reflect the diligence required to take advantage of the savings statute, regardless of the slim margin by which he missed the deadline.

Accordingly, Plaintiff's refiled state law claims will be dismissed with prejudice as untimely. See Dortch v. Methodist Healthcare Memphis Hosps., No. W2017-01121-COA-R3-CV, 2018 WL 706767, at *2, 5 (Tenn. Ct. App. Feb. 5, 2018) (affirming judgment of trial court dismissing suit with prejudice as untimely).

### III. Conclusion

For these reasons, Plaintiff's application to proceed as a pauper (Doc. No. 4) is **GRANTED**, and this action is **DISMISSED**.

For the same reasons that the Court dismisses this action, the Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). The Court, therefore, will not grant Plaintiff leave to proceed as a pauper on any appeal.

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE